UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANNON DAY HILL,<br>1401 H Street NW<br>Washington, DC  20005<br><br>        Plaintiff,<br>  v.<br><br>UNITED STATES,<br><br>        Defendant. | Civil Action No. 1:07-CV-1455 (RWR) |

## MOTION TO DISMISS

Defendant, the United States of America, through the undersigned attorneys, hereby moves to dismiss Plaintiff's claims for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1).  In support thereof, Defendant refers the Court to the accompanying memorandum of points and authorities.  In further support of its motion, Defendant submits contemporaneously the declarations of Robert L. Edgeton and Lisa T. Boykin.

Dated:  October 4, 2007             Respectfully submitted,

                                     _____/s/_____
                                     JEFFREY A. TAYLOR, D.C. Bar #498610
                                     United States Attorney

                                     _____/s/_____
                                     RUDOLPH CONTRERAS, D.C. Bar #434122
                                     Assistant United States Attorney

           /s/ Robin M. Meriweather     .
          ROBIN M. MERIWEATHER, D.C. Bar #490114
          Assistant United States Attorney
          555 Fourth Street, N.W.
          Washington, D.C. 20530
          Phone: (202) 514-7198; Fax: (202) 514-8780
          Robin.Meriweather2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANNON DAY HILL, <br> 1401 H Street NW <br> Washington, DC 20005 <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Civil Action No. 1:07-CV-1455 (RWR) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**INTRODUCTION**

Defendant, the United States of America, through the undersigned attorneys, hereby submits this memorandum in support of its motion to dismiss. The Court lacks subject matter jurisdiction to review this case because Plaintiff has failed to satisfy the conditions necessary to invoke the limited waiver of sovereign immunity codified in the Federal Tort Claims Act ("FTCA"). First, Plaintiff has not exhausted her administrative remedies. Exhaustion is a mandatory prerequisite for jurisdiction, and Plaintiff's failure to comply with that requirement requires dismissal pursuant to Rule 12(b)(1). Even if Plaintiff had exhausted her administrative remedies, her claims would be barred because they arise out of an alleged assault and battery, and thus fall within the intentional tort exception of the FTCA. Further, Plaintiff seeks remedies that the FTCA does not authorize, namely prejudgment interest, a jury trial, and punitive damages.

Moreover, this case likely falls within the scope of the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. §§ 8101 *et seq.*, which provides an exclusive

remedy for injuries arising out of a federal employee's employment. District courts lack jurisdiction to review claims that are covered by FECA, or for which there is a "substantial question" concerning FECA coverage. Accordingly, FECA's exclusivity both bars Plaintiff's FTCA claims and provides an additional grounds for 12(b)(1) dismissal.

## BACKGROUND

On July 12, 2007, Plaintiff sued William Crummett, her supervisor at the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), in the Superior Court of the District of Columbia for assault and battery. Plaintiff alleges that Crummett (1) intentionally touched her without her consent by "grabbing" an identification card that was hanging on her neck; and (2) "clandestinely arranged to enter the elevator in which Plaintiff was alone to cause further apprehension and fear towards Plaintiff." Compl. ¶¶ 6, 8. Plaintiff further alleges that as a result of these incidents, she has suffered emotional injuries. See Compl. ¶ 9. Plaintiff seeks compensatory and punitive damages in the amount of $200,000.00, plus interest and costs, and demands a jury trial on all issues.

For purposes of the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-80, the Chief of the Civil Division, United States Attorney's Office for the District of Columbia, filed a certification that Crummett was acting within the scope of his office or employment at the time of the alleged incidents. See Dkt. Entry 1. Defendant also removed the case to this Court, and requested that the United States be substituted for Crummett as the sole Defendant. See id; 28 U.S.C. § 2679(d)(1) (providing for substitution of United States as Defendant). Once the United States is substituted as the

2

sole defendant, all defenses are available to it as if it had been sued in the first instance. See 28 U.S.C. § 2679(d)(4).

## STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure tests whether the court has subject matter jurisdiction over the action." Zaigang Liu v. Novak, 2007 U.S. Dist. LEXIS 63683, at *5 (D.D.C. Aug. 30, 2007). "[T]he plaintiff bears the burden of establishing that the court has jurisdiction." Rann v. Chao, 154 F. Supp. 2d 61, 64 (D.D.C. 2001). In evaluating a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), a court must accept the complaint's allegations as true and construe the allegations in the light most favorable to the plaintiff. See Scolaro v. District of Columbia Bd. Of Elections & Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000); Thompson v. Capitol Police Bd., 120 F. Supp. 2d 78, 81 (D.D.C. 2000). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann, 154 F. Supp. 2d at 64. In addition, the court may consider materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction to hear the case. Scolaro, 104 F. Supp. 2d at 22.

## ARGUMENT

I. **THE SOVEREIGN IMMUNITY OF THE UNITED STATES BARS PLAINTIFF FROM PURSUING HER FTCA CLAIMS IN THIS COURT.**

The FTCA effects a limited waiver of the sovereign immunity of the United States. Under that statute, the United States has consented to suit for damages caused by "the negligent or wrongful act or omission of any employee of the Government while

3

acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[1]  28 U.S.C. § 1346(b)(1).  Absent full compliance with the conditions placed upon that limited waiver of sovereign immunity, courts lack jurisdiction to entertain tort claims against the United States.  GAF Corp. v. United States, 818 F.2d 901, 904 and n.86 (D.C. Cir. 1987).  It is well settled that a claimant bears the burden of alleging and demonstrating compliance with the requirements of the FTCA before a district court can exercise jurisdiction over an FTCA claim.  See In re Agent Orange Products Lab. Litig., 818 F.2d 210, 214 (2d Cir. 1987) ("The burden is on the plaintiff to both plead and prove compliance with the [FTCA's] statutory requirements.").  Plaintiff will be unable to carry that burden in this case.

### A.  Plaintiff Has Failed To Exhaust Her Administrative Remedies.

The filing of an administrative claim with an agency, pursuant to 28 U.S.C. 2675(a), is a jurisdictional prerequisite to filing an action pursuant to the FTCA.  See McNeil v. U.S., 508 U.S. 106, 111 (1993) ("The command that an 'action shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous."); see also GAF Corp. v. United States, 818 F.2d 901; Bowden v. United States, 106 F.3d 433 (D.C. Cir. 1997); Simpkins v. District of Columbia Gov't, 108 F.3d 366, 370 (D.C. Cir. 1997); Johnson v. DiMario, 14 F. Supp. 2d 107, 111 (D.D.C. 1998).  Here, that exhaustion requirement means that Plaintiff had to submit an administrative claim to ATF, and could not seek judicial review

---

[1] Because the acts or omissions alleged in this suit occurred in Washington, D.C., District of Columbia law applies.

4

until ATF denied that claim in writing.  See 28 U.S.C. § 2675(a).  "Full compliance with the FTCA exhaustion requirement is mandatory and jurisdictional."  Williams v. United States, 2007 U.S. Dist. LEXIS 38365, at *6 (D.D.C. May 25, 2007) (dismissing plaintiff's FTCA action for lack of subject-matter jurisdiction for failing to file an administrative claim before bringing suit).

Plaintiff has not alleged that she submitted an administrative tort claim to ATF.  Moreover, as the declaration of the ATF Chief, Administrative Programs Division, demonstrates, the agency searched its records and found no such claim.  See Declaration, Robert L. Edgeton (Exhibit A).  Because Plaintiff failed to file an administrative claim before bringing suit, she did not exhaust her administrative remedies as required by the FTCA.  Accordingly, Plaintiff's action must be dismissed for lack of subject matter jurisdiction.

### B. Plaintiff's Claims Are Barred By The FTCA Intentional Tort Exception Which Expressly Declines To Waive Immunity For Claims Arising Out Of An Assault And/Or Battery.

The FTCA specifies certain torts for which the statute expressly does not waive the government's sovereign immunity.  Specifically, the FTCA bars "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."  See 28 U.S.C. § 2680(h); Jerome Stevens Pharms., Inc., v. FDA, 402 F.3d 1249, 1252 (D.C. Cir. 2005).  When a claim falls within a statutory exception to the FTCA's waiver of sovereign immunity, as Plaintiff's claims do here, the court lacks subject matter jurisdiction over the case.  See Bichage v. United States, 2002 U.S. Dist. LEXIS 17604, at *4 (D.D.C. Mar. 30, 2002) ("The United States retains immunity pursuant to a number

of exceptions contained in the FTCA and if an exception applies, the court has no subject matter jurisdiction.").

The plain language of Section 2680(h) bars Plaintiff's tort claims. As indicated in the complaint, Plaintiff seeks relief for an alleged "assault" and "battery." Compl. at Counts 1, 2. Those claims are outside the Court's jurisdiction, and must be dismissed as a matter of law. See 28 U.S.C. § 2680(h); Jackson v. Telford, 2006 WL 2559468, at * 5 (D.D.C. Sept. 5, 2006) (finding assault claim "clearly barred" by Section 2680(h)).

To be sure, a law enforcement proviso to Section 2680 of the FTCA contains an express waiver of sovereign immunity of the United States for certain acts or omissions of investigative or law enforcement officers arising out of any claim of assault or battery. See 28 U.S.C. § 2680(h)("*Provided*, That, with regard to acts or omissions of investigative or law enforcement officers…the provisions of [the FTCA] shall apply to any claim arising, …out of assault, battery…."); Murphy v. United States, 121 F. Supp. 2d 21, 24 (D.D.C. 2000). However, that waiver does not confer jurisdiction over Plaintiff's claims, because it applies only when the alleged wrongdoing took place in the context of law enforcement activity. See Murphy, 121 F. Supp.2d at 25. Plaintiff has not alleged that Crummett, her supervisor and a fellow law enforcement officer, was engaged in any "investigative" or "law enforcement activities" during the alleged incidents. It follows that this case does not fall within the waiver of immunity for law enforcement activity. See id. (dismissing assault-based claim of Special Agent against his supervisor because the alleged assault did not arise while his supervisor was "engaged in investigative or law enforcement activities" and instead arose out of a workplace dispute between a supervisor and an employee over a work assignment); Orsay v. U.S. Dept. of

6

Justice, 289 F.3d 1125, 1136 (9th Cir. 2002) (holding that Deputy U.S. Marshals' assault and IIED claims were not within the waiver of immunity because they did not allege that their supervisor pointed a loaded gun at them in the context of investigative or law enforcement activities); see generally United States v. Shearer, 473 U.S. 52, 55 (1985)(intentional tort exception shields government from liability where "some agent of the Government gets in a fight with some fellow…and socks him.") (citation omitted)).

To the extent Plaintiff raises an intentional infliction of emotional distress (IIED) claim, such a claim is likewise barred by the intentional tort exception.  Although 'intentional infliction of emotional distress' is not one of the torts listed in Section 2680(h), "that section … excludes from coverage 'any claim *arising out of*' any of the enumerated torts." Koch v. United States, 209 F. Supp. 2d 89, 94 (D.D.C. 2002) (emphasis in original).  Thus, any claim "arising out of" a claim of assault and battery is also barred, even if it is not explicitly titled as an "assault" or "battery."  See id.  In order to determine whether an "arising out of" claim is excluded by section 2680, the court must examine the actual conduct upon which the plaintiff bases the IIED claim. Id. (citations omitted).  If that alleged conduct constitutes a tort listed in section 2680, then the court has no jurisdiction to hear the IIED claim. Id. (citations omitted).  On the other hand, if a plaintiff bases a claim on conduct that does not "aris[e] out of" a tort specified in section 2680(h), the plaintiff's suit is not barred. Id. (citation omitted).

Here, Plaintiff's IIED claim arises from conduct she has characterized as assault and battery.  As noted, assault and battery are torts listed in section 2680(h).  Thus Plaintiff's IIED claim is barred by the intentional tort exception to the FTCA and the Court has no jurisdiction to hear her claim.

Finally, the Supreme Court in United States v. Smith, 499 U.S. 160 (1991), expressly recognized that the Westfall Act immunizes federal employees from tort liability for assault, even if the result left plaintiff without any remedy at all against the United States. Accord Kimbro v. Velten, 30 F.3d 1501, 1509 (D.C. Cir. 1994) (explaining that under *Smith* the Westfall Act immunizes the employee even if there is no remedy against the United States.). In this case, unlike Smith, Plaintiff was herself a government employee, so she is not without a remedy. As discussed infra, she has FECA benefits, as part of the government's no-fault workers' compensation scheme.

### C. The FTCA Does Not Permit Plaintiff To Obtain Prejudgment Interest, Punitive Damages Or A Jury Trial.

In addition to compensatory damages, Plaintiff seeks punitive damages, plus interest and costs, and demands a jury trial. However, the FTCA does not permit Plaintiff to obtain those forms of relief from the United States. It is well settled that FTCA plaintiffs are not entitled to prejudgment interest and punitive damages. See 28 U.S.C. § 2674 ("The United States...shall not be liable…for punitive damages."); Tri-State Hosp. Supply Corp. v. United States, 341 F.3d 571, 577 (D.C. Cir. 2003)(recognizing "the FTCA "expressly precludes the recovery of prejudgment interest and punitive damages"). In addition, according to 28 U.S.C. § 2402, which governs the availability of jury trials in actions against the United States, "any action against the United States under section 1346[b] shall be tried by the court without a jury." Thus the FTCA gives Plaintiff no right to a jury trial. See Carlson v. Green, 446 U.S. 14, 22 (1980)("[A] plaintiff cannot opt for a jury trial in an FTCA action…."); United States v. Neustadt, 366 U.S. 696, 701 n.10 (1961)(There is no right to a jury trial under the Tort Claims Act."). This Court has read Rule 39(c) of the Federal Rules of Civil Procedure to give district courts discretion

8

to use an advisory jury in FTCA cases under certain circumstances. See Hamm v. Nasatka Barriers, 1996 U.S. Dist. LEXIS 3445, at *3-*6 (D.D.C. 1996). However, special circumstances existing in Hamm necessitating the need for the help of an advisory jury are not present in this case. Accordingly, Plaintiff's requests for prejudgment interest, punitive damages, and a jury trial should be denied.

### II. THE FEDERAL EMPLOYEES' COMPENSATION ACT (FECA) ALSO BARS PLAINTIFF'S TORT CLAIMS.

FECA provides a comprehensive remedy to a federal employee for injuries "sustained while in the performance of his duty." 5 U.S.C. § 8102; see Kalil v. Johnson, 407 F. Supp. 2d 94, 99 (D.D.C. 2005) ("In suits against the United States, FECA provides the exclusive remedy with respect to injuries sustained by federal employees during the course of their employment."). FECA defines "injury" as an injury by accident or a disease proximately caused by the employment. See 5 U.S.C. § 8101(5). Under FECA, the Secretary of Labor possesses exclusive authority to administer claims, including the authority to make eligibility determinations. See 5 U.S.C. § 8145.

FECA coverage is exclusive of any other remedy, including the FTCA. See Spinelli v. Goss, 446 F. 3d 159, 161 (D.C. Cir. 2006) (concluding district court lacked jurisdiction over FTCA claim because FECA applied); Kalil, 407 F. Supp.2d at 100 ("FECA…precludes a plaintiff from seeking recovery for such injuries from any other federal remedial statutes") (citation omitted); Bennett v. Barnett, 210 F.3d 272, 277 (5th Cir. 2000)(recognizing that FECA is exclusive of any other remedy including the FTCA).

9

The statutory language is explicit:

> The liability of the United States [under FECA] . . . with respect to the injury or death of an employee <u>is exclusive and instead of all other liability of the United States</u> . . . to the employee . . . because of the injury or death in a direct judicial proceeding, in a civil action, . . . or under a Federal tort liability statute. (Emphasis added).

5 U.S.C. § 8116(c). The Supreme Court has consistently recognized that FECA's exclusive-liability provision was designed to protect the Government from suits under other statutes, such as the FTCA, which would otherwise waive the Government's sovereign immunity for claims brought by non-employees. See <u>United States v. Lorenzetti</u>, 467 U.S. 167, 169 (1984) ("Because the United States' liability for work-related injuries under FECA is exclusive, <u>see</u> § 8116(c), respondent cannot recover from the United States for losses such as pain and suffering that are not compensated under FECA."); <u>Lockheed Aircraft Corp. v. United States</u>, 460 U.S. 190, 193-94 (1983). "[M]ost federal circuit courts have followed the rule that a federal employee cannot file an action under the Federal Tort Claims Act if there is a 'substantial question' whether FECA applies,…, or unless his injuries are 'clearly not compensable' under FECA." <u>Kalil</u>, 407 F. Supp. 2d at 100 (quoting <u>Wallace v. United States</u>, 669 F.2d 947, 951 (4th Cir. 1982)); <u>see generally</u> <u>Spinelli</u>, 446 F. 3d at 161 (concluding district court lacked jurisdiction over FTCA claim where Secretary of Labor had determined that FECA applied).

The facts alleged in the complaint indicate that Plaintiff's claims are within the scope of FECA or, at a minimum, establish a "substantial question" regarding the applicability of FECA. That provides a second independent grounds for dismissal of Plaintiff's complaint. Plaintiff seeks damages against Defendant for assault and battery

and intentional infliction of emotional distress.  Physical attacks by fellow employees are clearly covered by FECA.  See Penker Construction Co. v. Cardillo, 118 F.2d 14, 15 (D.C. Cir. 1941); Caesar, 258 F. Supp. 2d 1, 5 (D.D.C. 2003) (FECA covered assault and battery claim that coworker hit plaintiff with a door); Tredway v. District of Columbia, 403 A.2d 732, 735 (D.C. App. 1979).  It does not matter what the injury is or whether "the injury was not an inherent risk or hazard of the type of job."  Tredway, 403 A.2d at 736 (addressing school teacher's assault at school while grading papers after class where assailants were neither students nor employees).  Further, although there is less precedent addressing FECA's application to intentional infliction of emotional distress claims, this Court has determined that there exists at least a "substantial question" as to whether such claims are within FECA's coverage.  Kalil, 207 F. Supp.2d at 100.

When a substantial question over FECA coverage exists, the court should first give the Secretary of Labor an opportunity to rule on the coverage issue.  See Kalil, 207 F. Supp. 2d at 100 (finding plaintiff's emotional distress claim "not properly before this Court unless and until the Secretary of Labor determines that such a claim is *not* covered by FECA")(emphasis in original); Daniels-Lumley v. United States, 306 F.2d 769, 771 (D.C. Cir. 1962) ("Unless plaintiff's injuries were clearly not compensable under the F.E.C.A…., we believe that the Secretary of Labor must be given the primary opportunity to rule on the applicability of the Act to this case.").  Here, the Secretary of Labor has not held that these claims are outside the scope of FECA, and has not had occasion to determine whether FECA applies.  Plaintiff has not alleged that she filed a FECA claim for injuries arising out of the incidents alleged in her complaint, and ATF has searched its records and found no such claim.  See Declaration, Lisa T. Boykin (Exhibit B).  At this

11

juncture, the Court should dismiss Plaintiff's FTCA claim for lack of subject matter jurisdiction pending the outcome of her FECA claim. See Kalil, 407 F. Supp. 2d at 100 (dismissing plaintiff's IIED claim without prejudice pending the Secretary of Labor's ruling on FECA coverage); see also Bruni v. United States, 964 F.2d 76, 80 (1st Cir. 1992)(dismissing FTCA action on jurisdictional grounds so that plaintiff could first seek recovery from the Department of Labor); Joyce v. United States, 474 F.2d 215, 219 (3d Cir. 1973)(noting that once the Government raised the FECA coverage issue in plaintiff's FTCA action, the district court could not adjudicate the case without first requiring the plaintiff to complete the processing of his administrative claim under FECA).

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant respectfully requests that the Court GRANT Defendant's motion to dismiss, and enter an Order dismissing Plaintiff's Complaint.

Respectfully submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

    /s/ Robin M. Meriweather                .
ROBIN M. MERIWEATHER, D.C. Bar #490114
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
Phone: (202) 514-7198; Fax: (202) 514-8780
Robin.Meriweather2@usdoj.gov

12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANNON DAY HILL,<br>1401 H Street NW<br>Washington, DC 20005<br><br>    Plaintiff,<br> v.<br><br>UNITED STATES,<br><br>    Defendant. | Civil Action No. 1:07-CV-1455 (RWR) |

**ORDER**

Upon consideration of Defendant's Motion to Dismiss it is, this _____ day of _____, 2007,

ORDERED that Defendant's Motion to Dismiss be and hereby is GRANTED;

It is further ORDERED that this case be and hereby is DISMISSED.

        SO ORDERED.

_____
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANNON DAY HILL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| WILLIAM CRUMMETT, | ) ) |
| Defendant. | ) ) |

### DECLARATION OF ROBERT L. EDGETON
### ACTING CHIEF, ADMINISTRATIVE PROGRAMS DIVISION,
### BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

I, Robert L. Edgeton, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am the Acting Chief, Administrative Programs Division, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice.

2. As Acting Chief, Administrative Programs Division, I am responsible for maintaining the original files of claims submitted in accordance with the prescribed procedures and for coordinating the resolution of all claims filed under the Federal Tort Claims Act (Chapter 171, Title 28, United States Code).

3. All claims filed with ATF, either at Headquarters or at regional offices, are required to be directed to the Administrative Programs Division, whereby they are stamped with the date of receipt.

4. I certify that I have caused the records under my control to be searched and have found no record of any claim filed by, or on behalf of, Shannon Day Hill or Shannon Day.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 26th day of July, 2007.

Robert L. Edgeton
Acting Chief
Administrative Programs Division
Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SHANNON DAY HILL,<br>1401 H Street NW<br>Washington, DC 20005<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | Civil Action No. 1:07-CV-1455 |

## DECLARATION OF LISA T. BOYKIN
## CHIEF, MANAGEMENT/EMPLOYEE AND LABOR RELATIONS BRANCH,
## BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

I, Lisa T. Boykin, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am the Chief, Management/Employee and Labor Relations Branch, Human Resources Division, Office of Management, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice.

2. As Chief, Management/Employee and Labor Relations Branch, I am responsible for administering the workers' compensation program in accordance with the prescribed rules and procedures under the Federal Employees' Compensation Act (FECA) at 5 U.S.C. §§ 8101 *et seq.*, and the regulations governing the administration of all claims filed under the FECA at 20 C.F.R. Part 10.

3. Injured ATF employees are required to use the Safety and Health Information Management System (SHIMS), a web-based system sponsored by the United

States Department of Treasury, to electronically complete and file the initial Department of Labor forms to document their injuries under FECA.

4. I certify that I have caused SHIMS to be searched by employees working at my direction, and have found no record of any claim filed by Shannon Day-Hill.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this __18th__ day of __September__, 2007.

Lisa T. Boykin
Chief
Management/Employee and Labor Relations Branch
Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)