UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
SHANNON DAY HILL                    )
                                    )
         **Plaintiff,**             )
v.                                  )
                                    )   Civil Action No. 07-CV-1455 (RWR)
UNITED STATES                       )
                                    )
         **Defendant.**             )
_____)

## OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, Shannon Day Hill, through her attorney, Athan T. Tsimpedes, submits her opposition to Defendant's Motion To Dismiss[1]. In support, Plaintiff provides the attached Memorandum of Points and Authorities and the following but limited to reasons:

1. The Westfall Certification provided by Defendant is conclusory and insufficient to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

2. The Scope of Employment of William Crummett must be determined to resolve the issues of whether Plaintiff's claims should be dismissed.

3. FECA allows for lawsuits against Co-workers.

---

[1] Plaintiff's counsel had experienced computer problems and could not file Plaintiff's opposition on the evening of December 21, 2007 and required assistance that was not available until December 23, 2007. Plaintiff's counsel's health issues also compounded the issues as he has not been at his office since his extensive hospitalization and follow medical treatment. As a matter of fact, Plaintiff's counsel has been advised not go to work until early January that has clearly affected his ability to handle cases or perform work. This one business day extension or delay that was beyond the control of Plaintiff's counsel will not prejudice Defendant in this matter. Due to the time and inability to operate his computer, Plaintiff's counsel was unable to promptly contact Defendant's counsel to inform her of the circumstances. Plaintiff's counsel apologizes for any inconvenience this may have created for the court or Defendant.

4. The exhaustion requirement may not apply because Plaintiff has a pending discrimination claim pending with the EEOC or Defendant was on notice of the claims alleged in the Complaint.

5. It is premature to dismiss this matter without discovery to flush out the facts regarding the scope of employment of William Crummett at the time of the incidents alleged in Plaintiff's complaint giving rise to assault and battery claims.

Dated: December 24, 2007             Respectfully submitted,

_____/s/_____
Athan T. Tsimpedes
Bar No. 452341
Law Offices of Athan T. Tsimpedes
1420 New York Avenue, NW
7th Floor
Washington, DC 20005
202-638-2100
atsimpedes@comcast.net

Attorney for SHANNON DAY HILL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
SHANNON DAY HILL            )
                            )
            Plaintiff,      )
v.                          )
                            )   Civil Action No. 07-CV-1455 (RWR)
UNITED STATES               )
                            )
            Defendant.      )
_____)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS.**

Plaintiff, Shannon Day Hill, by and through her attorney submits this memorandum of law in support of its opposition to Defendant's Motion To Dismiss and states as follows

### I.     INTRODUCTION AND BACKGROUND

This action arises from the intentional acts of William Crummett towards a fellow employee, Plaintiff, Shannon Day Hill, who was assaulted and battered by his conduct. Plaintiff has been exposed to numerous acts of Defendant and has filed a complaint within the ATF against William Crummett. The matter is now before the EEOC. There is a genuine issue as to whether the acts complained of in the Complaint were made within William Crummett's scope of employment. If they were not, the Westfall Certification filed in this matter would be insufficient and the case remanded back to the Superior Court for the District for Columbia against Mr. Crummett. Discovery in this matter is necessary to determine the facts sufficient to determine the scope of employment issue. Plaintiff's believes the facts will show that Wiliam Crummett acted for his self interest and in no way acted in the interests of his employer when he

assaulted or battered Plaintiff by grabbing her in an elevator. (See Pl.'s Complaint). The acts further occurred outside the time or space of their respective offices. The time the event occurred was after hours and the area it occurred was outside the offices where Plaintiff or Defendant work. These facts if alleged or proven by Plaintiff would defeat any immunity provided for pursuant to the FTCA or FECA while affording the ability of redress from Mr. Crummett individually.

## II.   LEGAL ARGUMENT

### A. Legal Standard for a 12(b)(1) Motion to Dismiss.

On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The court may dismiss a complaint for lack of subject-matter jurisdiction only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Empagran S.A. v. F. Hoffman-Laroche, Ltd.*, 315 F.3d 338, 343 (D.C. Cir. 2003) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Moreover, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Instead, to determine

whether it has jurisdiction over the claim, the court may consider materials outside the pleadings. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

**B. The Validity of the Government's Westfall Certification.**

The FTCA immunizes federal employees from suit for certain torts committed within the scope of their employment. *See* 28 U.S.C. § 2679(b)(1);'

28 U.S.C. § 2679(b)(1) provides:

> The remedy against the United States . . . for injury . . . arising from the negligent or wrongful act or omission of an employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action . . . . Any other civil action . . . arising out of or relating to the same subject matter against the employee's estate is precluded . . . .

*Kimbro v. Velten,* 30 F.3d 1501, 1504 (D.C. Cir. 1994) (discussing Congress's intent to make federal employees "absolutely immune to suits for damages under state tort law so long as they were acting within the scope of their employment"); *Vanover v. Hantman, 77 F*. Supp. 2d at 91, 97 (D.D.C. 1999) (finding that 28 U.S.C. § 2679 provides federal employees absolute immunity from tort liability for acts done within the scope of their employment). In such cases, the FTCA requires the substitution of the United States as the exclusive defendant.'

For purposes of the FTCA, whether a federal employee acted within the scope of her employment may be determined initially by the certification of the Attorney General, 28 C.F.R. § 15.3, or any person to whom he delegates that authority. Though the scope-of-employment certification substitutes the United States for an individual employee by operation of law, the certification is subject to challenge. *Gutierrez de Martinez v. Lamagno,* 515 U.S. 417, 436-37 (1995). Indeed, the certification does not receive any particular evidentia*ry* weight. *Kimbro,* 30 F.3d at 1509; *see also Haddon v. United States,* 68 F.3d 1420,

1423 (D.C. Cir. 1995) (noting that certification is *"not* conclusive regarding substitution of the federal government," and finding that "the federal court may determine independently whether the employee acted within the scope of employment and, therefore, whether to substitute the federal government") (emphasis in original).

In this case, that authority was delegated to Rudolph Contreras, Chief of the Civil Division of the United States Attorneys Office for the District of Columbia.  See attached Exhibit 1.  An employee's conduct is within the scope of her employment if: "1) it is of the kind [she] is employed to perform; 2) it occurs substantially within the authorized time and space limits; [and] 3) it is actuated, at least in part, by a purpose to serve the master . . . ." *Konarski v. Brown,* 293 F. Supp. 2d 70,72-73 (D.D.C. 2003) (citing *Haddon,* 68 F.3d at 1423-1424 (quoting RESTATEMENT (SECOND) OF AGENCY § 228 (1957))). In the instant case, the conclusory certification of Assistant United States Attorney Contreras failed to clarify or provide any factual basis whether, in fact, these requirements were met. Moreover, there is no evidence whatsoever that Mr. Crummett was employed to have physical contact or batter co-workers, like Plaintiff. The conduct happened after hours and putide of the office of Plaintiff and Mr. Crummett and was not actuated in part by any purpose to serve the employer.  As a result, this court should order the parties to conduct discovery for the limited purpose of determining the propriety of the government's certification and scope of employment.

 C.  **FECA Does Not Apply for An Assault and Battery By a Fellow Worker who Acts Outside the Scope of His Employment.**

FECA does not apply to assault and battery on Plaintiff by a fellow worker.  Even assuming FECA does apply , FECA requires that intentional torts must cause a disability or

4

death from her personal injuries to be compensable under the Act. Plaintiff has no medical expenses nor is she disabled from the assault and battery as alleged in the complaint. Furthermore, FECA does not abrogate or affect an employee's common law rights to pursue claims against a third party. Threshold requirement for determining coverage under FECA is that the injury must be sustained while in the perforance of employee's duty; ultimate and conclusive arbiter of this question is Secretary of Labor, and court defers to Secretary where there is substantial question regarding coverage under the Act. *Heilman v. United States (731 F2d 1104 (PA 1984)*. In this case, Plaintiff has not been compensated in any manner by the Defendant for the acts complained of against a third party co-worker, William Crumett. There are numerous questions as to whether Plaintiff or Defendant were acting with the scope of employment at the time of the events giving rise to the Complaint that Defendant has failed to allege. The failure to provide factual support that Plaintff was injured while in the performance of her duties alone is sufficient to deny Defendant's motion to Dismiss under FECA. (*Id.*) Also, whether Mr. Crummett was acting within the scope of his employment as defined under DC law is the same issue affecting the FTCA argument made by Defendant[1] in support of its Motion to Dismiss that has been challenged by Plaintiff. Sexual harassment has been determined to fall outside of FECA and the FTCA. In this case, Plaintiff has filed an discriminatory charge against Mr. Crummett that is pending with the EEOC[2]. As such, Plaintiff requests limited discovery on

---

[1] Plaintiff adopts its argument regarding the Westafll Certifcation and further requests this court to allow limited discovery in this matter to determine the scope of employment. of Mr. Crummett at the time of the incidents alleged in Plaintiff's Complaint. Plaintiff acknowledges that her Complaint is very brief and requires limited discovery to flush out the facts on the issue of scope of employment related to Mr. Crummett that would affect the court's decision. As such, Plaintiff request that Defendant's Motion to Dismiss be Denied with out prejudice and allowed for it to be renewed after limited discovery.

[2] Paintiff reserves the right to supplement this argument.

the factual issue to determine whether William Crummett was acting within the scope of his employment during the acts complained of in Plaintiff's complaint.

**D.    FECA does Not Bar A Lawsuit Against Co-Worker By Plaintiff.**

A number courts have held that FECA bars a federal employee's suit against the United States or its instrumentalities but does not bar a federal employee's suit against individual co-employees. *See, e.g., Allman v. Hanley, 302 F.2d 559, 563 (5th Cir.1962)* (holding that FECA does not bar suits against fellow employees); see also Heathcoat v. Potts, 790 F.2d 1540, 1543-44 (11th Cir.1986) (noting that FECA "is silent on the matter of co-employee "suits" and following *Allman*); *Bates v. Harp, 573 F.2d 930, 935 (6th Cir. 1978)* (holding that "even though we are not persuaded that co-employee suits are advisable as a matter of policy, in light of the overwhelming authority in support of such suits, absent an explicit statutory bar to the contrary, we feel constrained to follow the holding of Allman"); *Davis v. Harrod, 407 F.2d 1280, 1282 n.2 (D.C. Cir. 1969)* (noting that "[u]nder the FECA it appears that appellant could sue her co-employee, but not the District").

The Fourth Circuit recognized the *Allman* line of cases in *Carr v. United States, 422 F.2d 1007 (4th Cir. 1970). Carr* examined the predecessor to the Westfall Act, the Federal Drivers' Act, which immunized federal drivers from suit for their negligence. The federal employee raised the Drivers' Act as a defense to the plaintiff's suit, and the United States was substituted as the defendant. The court first noted that, "[p]rior to the [Drivers'] Act, a government employee who sustained injuries as a result of the negligence of a fellow employee acting within the scope of his employment . . . could . . . have brought a common law action against his co-worker for negligence." *Id. at 1010 (citing Allman)*. The court then found that "the

Drivers Act abrogates a federal employee's common law right of action against a government driver who is acting within the scope of his employment," *id.*, and concluded that the plaintiff's only remedy was against the United States (the substituted defendant), under the FTCA. It affirmed the dismissal of the action because the FTCA statute of limitations had run. (The court declined to address whether FECA also barred the plaintiff's claim, because it resolved the matter on statute of limitations grounds.) Normally, the same principle would apply here: The Westfall Act would abrogate right to sue Crummett, the United States would be substituted as the defendant, and Plaintiff's only remedy would be against the United States under the FTCA. FECA then might bar her FTCA suit and allow only worker's compensation as a remedy. However, as stated herein, the issue is whether Mr. Crummett, Plaintiff's coworker acted within his scope of employment during the alleged assault and battery  However, it is clear that the Defendant's Westfall Certification fails to provide any factual basis to determine the scope of employment issue of Mr. Crummett and necessitates limited discovery to address this issue for the court.

**E.   Failure to Exhaust Administrative Remedies Does Not Bar Plaintiff's Complaint.**

Having held that substitution is warranted, the court turns next to the question of whether this court has jurisdiction over this matter. The FTCA requires a claimant to exhaust all administrative remedies before filing acomplaint in federal district court. 28 U.S.C. § 2675(a). This requirement is jurisdictional and cannot be waived. *See, e.g., McNeil v. United States,* 508 U.S. 106, 113 (1993) ("The FTCAbars claimants from bringing suit in federal court until they have exhausted their administrative remedies."); *Konarski v. Brown,* 2004 WL 1249346, at * 1 (D.C. Cir. 2004) ("Claimants must meet the *jurisdictional prerequisite* of filing an administrative complaint with the appropriate agency before filing suit in district court.") (emphasis added).

In the instant matter,  even assuming Defendant is correct that no administrative complaint was filed Plaintiff is not precluded from refiling her action once she has overcome the exhaustion

hurdle. In 1988, Congress passed the Federal Employees Liability Reform and Tort Compensation Act (commonly referred to as the "Westfall Act"), Pub. L. 100694, 102 Stat. 4563 (1988), which amended the FTCA to allow plaintiffs an opportunity—after dismissal—to exhaust their administrative remedies. The FTCA states, in pertinent part:

> Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if—(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5); *see also Celestine v. Mt. Vernon Neighborhood Health Ctr.,* 403 F.3d 76, 83 (2d Cir. 2005). Plaintiff has satisfied the first of § 2679(d)(5)'s requirements: Hill has filed her initial complaint in D.C. Superior Court in July 2007—well within the two-year statute of limitations applicable to claims under the FTCA, see *28* U.S.C. § 2401(b) ("A tort claim against the Untied States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues ...."). Assuming arguendo that Plaintiff files an administrative complaint within sixty days should this court disagree with Plaintiff's opposition and dismiss the case, her complaint will be considered timely. Nevertheless, Plaintiff has filed a complaint that is currently pending with the EEOC that needs to be inspected and determine whether the complaint encompasses the claims in Plaintiff's complaint which should stay or allow the current case to go forward or otherwise satisfies the administrative claim requirement.

F.  **Limited Discovery is Needed to Flush Out Facts to Determine the Scope of Employment of William Crummett.**

In *Maron v. United States, 126 F.3d 317, 323 (4th Cir. 1997)*, the court stated the plaintiff has the burden of persuasion "to refute the certification of scope of employment issued by the Attorney General and to prove by a preponderance of the evidence that the defendants were not acting within the scope of their employment." *See also Gutierrez de Martinez v. Drug*

*Enforcement Administration, 111 F.3d 1148, 1153-55 (4th Cir. 1997).* "If the plaintiff presents persuasive evidence refuting the certification," the burden shifts to the United States to "provide evidence and analysis to support its conclusion that the torts occurred within the scope of employment." *Maron, 126 F.3d at 323; see also Gutierrez, 111 F.3d at 1155*. To carry its burden, the plaintiff must submit "specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation." *Gutierrez, 111 F.3d at 1155*. Recognizing the "desirability of quickly resolving the scope-of-employment issue" because "immunity under the Westfall Act, like other forms of absolute and qualified immunity,`is an immunity from suit rather than a mere defense to liability,'" *Gutierrez, 111 F.3d at 1154* (quoting *Mitchell v. Forsyth, 472 U.S. 511, 526 (1985))*, we emphasized that "the district court should remain cognizant of the considerations weighing against protracted litigation under the Westfall Act," *Id. at 1155*. Nevertheless, we recognized that this burden-shifting proof scheme would sometimes make it advisable for the trial court to permit limited discovery or conduct an evidentiary hearing to resolve competing factual claims concerning the scope-of- employment issue. At all stages of the process, it is for the district court to weigh the sufficiency of the evidence, to determine whether genuine issues of fact exist, and ultimately to resolve these factual issues.

     Once any factual issues are resolved, the district court must then proceed to "weigh the evidence on each side to determine whether the certification should stand." *Gutierrez, 111 F.3d at 1155*. In making this ultimate determination, the district court must apply the law of the state in which the alleged tort occurred to ascertain whether the federal employee was acting within the scope of his employment. *See Maron, 126 F.3d at 323-24; Jamison v. Wiley , 14 F.3d 222, 237 (4th Cir. 1994).*

Plaintiff requests that the court allow discovery for the limited purpose to define the facts and circumstances that will allow a determination on issue that affects this court's subject matter jurisdiction and Plaintiff's claims. Defendant has failed to provide one fact that would allow a determination in its favor to dismiss the complaint nor to determine the scope of employment of William Crummett at the time of the alleged incidents despite having certified knowledge of the facts. As such, Plaintiff should be allowed limited discovery and to allow for an amended complaint to properly address these concerns.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss should be DENIED. An appropriate order accompanies this memorandum.


Dated: December 24, 2007          Respectfully submitted,

_____/s/_____
Athan T. Tsimpedes
Bar No. 452341
Law Offices of Athan T. Tsimpedes
1420 New York Avenue, NW
7th Floor
Washington, DC 20005
202-638-2100
atsimpedes@comcast.net

Attorney for SHANNON DAY HILL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
**SHANNON DAY HILL**            )
                                )
         **Plaintiff,**         )
**v.**                          )
                                )  Civil Action No. 07-CV-1455 (RWR)
**UNITED STATES**               )
                                )
         **Defendant.**         )
_____)


# ORDER

UPON CONSIDERATION of Defendant's Motion to Dismiss and Plaintiff's Opposition thereto, and the papers in this matters, it is this _____ day of _____, 2008, hereby DENIED, and it is further

**ORDERED** that Defendant's Motion to Dismiss is DENIED without prejudice; it is further

**ORDERED** that the parties are allowed 60 days to conduct limited discovery regarding the Scope of Employment of William Crummett; it is further.

                                    _____
                                    JUDGE, United States District Court
                                    For The District of Columbia.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHANNON DAY HILL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM CRUMMETT, )<br>)<br>Defendant. )<br>) | Civil Action No.: 07-_____ |

**WESTFALL CERTIFICATION**

I, Rudolph Contreras, Chief of the Civil Division, Office of the United States Attorney for the District of Columbia, acting pursuant to the provisions of 28 U.S.C. § 2679(d), and by virtue of the authority delegated to the United States Attorney by 28 C.F.R. § 15.4, and first redelegated to me on March 20, 2006, hereby certify that I have read the complaint in <u>Shannon Day Hill v. William Crummett</u>, now pending in the Superior Court of the District of Columbia, Civil Division, Civil Action No. 07-0004772 (filed July 12, 2007), and that on the basis of the information now available to me with respect to the incidents alleged therein, I find that defendant William Crummett was acting within the scope of his employment as an employee of the United States at the time of the alleged incidents.

August 9, 2007

_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney
Chief, Civil Division

07 1455

FILED
AUG 1 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT