```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

_____
                               )
SHANNON DAY HILL,              )
                               )
          Plaintiff,           )
                               )
     v.                        )  Civil Action No. 07-1455 (RWR)
                               )
UNITED STATES,                 )
                               )
          Defendant.           )
_____)
```

### MEMORANDUM OPINION

Plaintiff Shannon Day Hill sued William Crummett, her supervisor at the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), in the Superior Court of the District of Columbia for assault and battery. Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. 2671 et seq., the government filed a certification that Crummett was acting within the scope of his employment at the time of the alleged incidents, removed the action to this court, and requested that the United States be substituted as the sole defendant. The government now moves to dismiss the complaint for lack of subject matter jurisdiction. Because Hill has failed to meet her burden of challenging the government's certification, the United States will be substituted for Crummett as the proper defendant in this case. In turn, because Hill has not complied with the FTCA's exhaustion requirements, the court lacks subject matter jurisdiction and the government's motion to dismiss will be granted.

BACKGROUND

Hill alleges that Crummett intentionally touched her without her consent by "grabbing" an identification card that was hanging on her neck, and that he "clandestinely arranged to enter the elevator in which [Hill] was alone to cause further apprehension and fear toward [her]." (Compl. ¶¶ 6, 8.) After Hill sued Crummett for assault and battery in D.C. Superior Court, the Chief of the Civil Division, United States Attorney's Office for the District of Columbia, filed a certification that Crummett was acting within the scope of employment and removed the action to this court. The government has now filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that the United States is the proper defendant in this action, and that because Hill has not exhausted her administrative remedies, the United States' limited waiver of sovereign immunity under the FTCA cannot be invoked and the court lacks subject matter jurisdiction.[1] Hill acknowledges that she has not exhausted her administrative remedies. (See Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 8 ("Plaintiff has filed a complaint that is currently pending with the EEOC") (emphasis added).)

---

[1] In the alternative, the government argues that the case should be dismissed for lack of subject matter jurisdiction under the Federal Employees' Compensation Act, 5 U.S.C. §§ 8101 et seq., which provides an exclusive remedy for injuries arising out of a federal employee's employment. Because the court lacks subject matter jurisdiction under the FTCA, however, this argument will not be addressed.

-3-

However, Hill insists that Crummett's actions may not have been within the scope of his employment, thereby rendering the United States' substitution in this case improper and the FTCA inapplicable, and requiring the court to remand this case to the D.C. Superior Court.

## DISCUSSION

"On a motion to dismiss for lack of subject-matter jurisdiction pursuant to [Federal] Rule [of Civil Procedure] 12(b)(1), the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction." Shuler v. United States, 448 F. Supp. 2d 13, 17 (D.D.C. 2006) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).  In reviewing the motion, a court accepts as true all of the factual allegations contained in the complaint, Artis v. Greenspan, 158 F.3d 1301, 1306 (D.C. Cir. 1998), and may also consider "undisputed facts evidenced in the record." Coal. for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003); see also Tootle v. Sec'y of the Navy, 446 F.3d 167, 174 (D.C. Cir. 2006) (explaining that a court may look beyond the pleadings to resolve disputed jurisdictional facts when considering a motion to dismiss under Rule 12(b)(1)). The "nonmoving party is entitled to all reasonable inferences that can be drawn in her favor." Artis, 158 F.3d at 1306.

"The United States is immune from suit unless it waives its sovereign immunity through an act of Congress." Hayes v. United

-4-

States, 539 F. Supp. 2d 393, 397 (D.D.C. 2008) (citing F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994)).  "The Federal Tort Claims Act provides such a waiver in civil damages actions based on 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]'"  Hayes, 539 F. Supp. 2d at 397 (quoting 28 U.S.C. § 1346(b)).  "A party bringing suit against the United States bears the burden of proving that the government has unequivocally waived its immunity for the type of claim involved."  Hayes, 539 F. Supp. 2d at 397 (citation omitted).  "A party asserting jurisdiction under the FTCA must satisfy administrative exhaustion requirements by 'present[ing] the claim to the appropriate Federal agency.'"  Id. at 398 (quoting 28 U.S.C. § 2675(a)).  "Because the FTCA is a limited waiver of the United States' sovereign immunity, this administrative exhaustion requirement is a jurisdictional prerequisite; and the Court lacks subject matter jurisdiction over common law tort claims against the United States for which a plaintiff has not exhausted his administrative remedies."  Hayes, 539 F. Supp. 2d at 398-99 (citations omitted).

I.  WESTFALL CERTIFICATION

Hill acknowledges that she has not exhausted her administrative remedies as required by the FTCA.  However, she

-5-

challenges the government's certification that Crummett was acting within the scope of his employment, and insists that limited discovery on the issue is warranted.  She urges that if Crummett was indeed not acting within the scope of his employment, the United States is not the proper defendant and the FTCA is inapplicable.

"While it is true that sovereign immunity must be waived for a suit to be properly maintained against the United States [under the FTCA], the Court must first independently determine whether the United States is a proper defendant."  Koch v. United States, 209 F. Supp. 2d 89, 91 (D.D.C. 2002).  "The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, 28 U.S.C. § 2679(d), provides that a federal employee is immune from tort liability when he is 'acting within the scope of his office or employment at the time of the incident out of which the claim arose.'"  Healy v. United States, 435 F. Supp. 2d 157, 161 (D.D.C. 2006) (quoting 28 U.S.C. § 2679(d)).  "Pursuant to the Westfall Act, when the Attorney General or his designee believes that a federal employee was acting within the scope of employment, he may issue a certification to that effect." Healy, 435 F. Supp. 2d at 161 (citation omitted).  "Where . . . the lawsuit is initially filed in state court, this certification has three consequences: it requires the Attorney General to remove the lawsuit to the local

-6-

federal court; it requires the substitution of the United States for the federal employee as the defendant in the lawsuit; and it converts the lawsuit into an action against the United States under the Federal Tort Claims Act." Id. (internal quotations and citations omitted).

"The Attorney General's certification . . . is . . . *prima facie* evidence that the employee's conduct was within the scope of his employment." Klugel v. Small, 519 F. Supp. 2d 66, 74 (D.D.C. 2007) (citations omitted). "Where a plaintiff . . . challenges the scope-of-employment certification, her 'burden [i]s to raise a material dispute regarding the substance of [that] determination by alleging facts that, if true, would establish that the defendant [was] acting outside the scope of [his] employment.'"[2] Healy, 435 F. Supp. 2d at 161 (quoting Stokes v. Cross, 327 F.3d 1210, 1215 (D.C. Cir. 2003) (alterations in original). "If a plaintiff allege[s] sufficient facts . . ., then the court may order discovery and an evidentiary hearing regarding the scope-of-employment issue." Klugel, 519 F. Supp. 2d at 74 (internal quotations and citation omitted). "But, '[n]ot every complaint will warrant further

---

[2] "When deciding legal issues raised by a motion to dismiss, the Court will usually view any proffered facts in the light most favorable to the plaintiff. Where, however, the Attorney General has filed a Westfall certification that the original defendant was acting within the scope of his employment, the Court deviates from this general rule." Koch, 209 F. Supp. 2d at 92 (citations omitted).

-7-

inquiry into the scope-of-employment issue.' . . . A complaint may be dismissed without a hearing where a plaintiff fails to allege any facts that, if taken as true, would demonstrate that the defendant was acting outside the scope of his employment."[3] Healy, 435 F. Supp. 2d at 162 (quoting Stokes, 327 F.3d at 1216).

Where a plaintiff's complaint contains no allegations relevant to the scope-of-employment issue, courts have permitted the plaintiff to support her request for discovery with an affidavit setting forth "the basis for her request for discovery or the particular matters on which discovery would be warranted." Klugel, 519 F. Supp. 2d at 74 ("[Plaintiff's] general unsubstantiated request for discovery on her 'allegations' -- not supported by an affidavit -- is insufficient."). See also Healy, 435 F. Supp. 2d at 162 (considering a plaintiff's "affidavit submitted in opposition to the United States's Motion to Dismiss"

---

[3] The scope-of-employment inquiry is governed by the law of agency as applied in the District of Columbia, where the tort allegedly occurred. See Wilson v. Libby, 498 F. Supp. 2d 74, 97 (D.D.C. 2007) (citing Stokes v. Cross, 327 F.3d 1210, 1214 (D.C. Cir. 2003). "As its framework for determining whether an employee acted within the scope of employment, the Court of Appeals for the District of Columbia looks to the Restatement (Second) of Agency (1957)." Wilson, 498 F. Supp. 2d at 97 (quoting Majano v. United States, 469 F.3d 138, 141 (D.C. Cir. 2006). "Under the Restatement, an employee's conduct falls within the scope of employment if: 1) it is of the kind of conduct he is employed to perform; 2) it occurs substantially within the authorized time and space limits; 3) it is actuated, at least in part, by a purpose to serve the master; and 4) if force is intentionally used by the servant against another, the use of force is not unexpected by the master." Id. (citing Restatement (Second) of Agency § 228).

-8-

where plaintiff's complaint "contain[ed] no allegations relevant to the scope-of-employment issue"); Freiman v. Lazur, 925 F. Supp. 14, 19 (D.D.C. 1996) (reviewing affidavits proffered by plaintiffs in support of their challenge to the government's Westfall certification).

   Hill does not allege any facts in her complaint relevant to the scope-of-employment issue.  Instead, she simply insists in her opposition to the government's motion to dismiss that Crummett's alleged acts "occurred outside the time and space of [Hill and Crummet's] respective offices[,]" and urges that "[d]iscovery in this matter is necessary to determine the facts sufficient to determine the scope of employment issue."  (Pl.'s Opp'n at 1-2.)  Because Hill failed to produce an affidavit setting forth the basis for her request for discovery, however, an order was issued on May 30, 2008 instructing Hill to show cause in writing by June 9, 2008 why her request for discovery should not be denied in light of her failure to provide such an affidavit.  Subsequently, Hill twice requested -- and was twice granted -- an extension of time to respond to the show cause order.  Despite these multiple extensions, Hill has filed no response.

   Because Hill has failed to allege specific facts or provide any justification for why limited discovery on the scope-of-employment issue would be warranted, her unsubstantiated request

-9-

for such discovery will be denied.  Accordingly, because Hill failed to meet her burden to raise a material dispute regarding the Attorney General's certification, the United States is substituted as the defendant and this case is now converted to one governed solely by the FTCA.  See Koch, 209 F. Supp. 2d at 93.  In turn, because Hill has not exhausted her administrative remedies, she has failed to satisfy the conditions necessary to invoke the limited waiver of sovereign immunity codified in the FTCA and her complaint must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

## CONCLUSION

As Hill has failed to meet her burden of challenging the government's certification that it is the proper defendant in this case, the United States is substituted for Crummett as the defendant.  Because Hill has not complied with the FTCA's exhaustion requirements, the government's limited waiver of sovereign immunity cannot be invoked and the court lacks subject matter jurisdiction over this case.  Accordingly, the government's motion to dismiss will be granted.

A final, appealable order accompanies this Memorandum Opinion.

SIGNED this 25th day of June, 2008.

```
               /s/
RICHARD W. ROBERTS
United States District Judge
```